The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BARBARA KNAPKE, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:21-cv-00262-MJP<br><br>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT<br><br>NOTE ON MOTION CALENDAR: July 2, 2021<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
2:21-cv-00262-MJP

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. Plaintiff Agreed To Arbitrate Her Claim. ........ 1

II. Two Federal Statutes Require Dismissal. ........ 3

A. The Communications Decency Act Bars Plaintiff's Claim. ........ 3

B. The Copyright Act Preempts Plaintiff's Claim. ........ 5

III. The Complaint Fails To State A Claim Under ORPS ........ 6

A. Plaintiff Fails To Plead Conduct Within The Territorial Scope Of ORPS. ........ 6

B. The Complaint Fails To Plead A *Prima Facie* ORPS Claim. ........ 6

1. Plaintiff Fails To Plead "Use" Of Her Persona. ........ 6

2. Plaintiff Does Not Allege Her Persona Has Commercial Value. ........ 7

C. The Complaint Does Not Plead Unlawful Advertising Or Solicitation. ........ 8

D. Plaintiff's Claim Falls Within ORPS's Exemptions. ........ 9

IV. Plaintiff's Claim Is Barred By The U.S. Constitution. ........ 10

A. The Conduct Alleged Is Core First Amendment Speech. ........ 10

1. Plaintiff's Proposed Restriction On Speech Triggers Strict Scrutiny. ........ 10

2. The Claim Would Be Barred Even If The Speech Was Commercial. ........ 11

B. Applying ORPS To Search Results Violates The Dormant Commerce Clause. ........ 12

CONCLUSION ........ 12

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnes v. Treece*,
15 Wash. App. 437 (Wash. Ct. App. 1976) ....................2

*Bosley v. Wildwett.com*,
310 F. Supp. 2d 914 (N.D. Ohio 2004)....................11, 12

*Callahan v. Ancestry.com Inc.*,
No. 20-cv-08437, 2021 WL 2433893 (N.D. Cal. June 15, 2021)....................1, 3

*Callahan v. Ancestry.com Inc.*,
No. 20-cv-08437, 2021 WL 783524 (N.D. Cal. Mar. 1, 2021) ....................1, 3

*Callahan v. PeopleConnect, Inc.*,
No. 20-cv-09203, 2021 WL 1979161 (N.D. Cal. May 18, 2021)....................2

*Campbell v. Hosp. Motor Inns, Inc.*,
24 Ohio St. 3d 54 (1986)....................2

*Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*,
447 U.S. 557 (1980)....................11

*Collier v. Murphy*,
No. 02 C 2121, 2003 WL 1606637 (N.D. Ill. Mar. 26, 2003) ....................9

*Dex Media West, Inc. v. City of Seattle*,
696 F.3d 952 (9th Cir. 2012) ....................10, 11

*Dobrowolski v. Intelius, Inc.*,
No. 17 CV 1406, 2018 WL 11185289 (N.D. Ill. May 21, 2018)....................9

*Downing v. Abercrombie & Fitch*,
265 F.3d 994 (9th Cir. 2001) ....................5

*ETW Corp. v. Jireh Publ'g, Inc.*,
332 F.3d 915 (6th Cir. 2003) ....................6, 7

*Fabbrini v. City of Dunsmuir*,
544 F. Supp. 2d 1044 (E.D. Cal. 2008)....................8

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*,
521 F.3d 1157 (9th Cir. 2008) ....................5

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

*Gonzalez v. Google Inc.*,
No. 18-16700, 2021 WL 2546675 (9th Cir. June 22, 2021)....................4, 5

*Harvey v. Sys. Effect, LLC*,
154 N.E.3d 293 (Ohio Ct. App. 2020)....................6, 7, 8, 12

*Henderson v. Source for Pub. Data*,
No. 20-cv-294, 2021 WL 2003550 (E.D. Va. May 19, 2021)....................4

*Hoglund v. Meeks*,
170 P.3d 37 (Wash. Ct. App. 2007)....................3

*Hui Ma v. Golden State Renaissance Ventures, LLC*,
No. 21-cv-00856, 2021 WL 2190912 (N.D. Cal. May 31, 2021)....................2

*Huon v. Denton*,
841 F.3d 733 (7th Cir. 2016)....................4

*IMDb.com Inc. v. Becerra*,
962 F.3d 1111 (9th Cir. 2020)....................11

*Independent Living Resource Center San Francisco v. Uber Technologies, Inc.*,
No. 18-cv-06503, 2019 WL 3430656 (N.D. Cal. July 30, 2019)....................2

*Italian Colors Rest. v. Becerra*,
878 F.3d 1165 (9th Cir. 2018)....................11

*Kanbar v. O'Melveny & Myers*,
849 F. Supp. 2d 902 (N.D. Cal. 2011)....................2

*Kaplan Trucking Co. v. Grizzly Falls Inc.*,
86 N.E.3d 845 (Ohio Ct. App. 2017)....................3

*Kimzey v. Yelp!*,
836 F.3d 1263 (9th Cir. 2016)....................4

*Kincaid v. Gibson*,
236 F.3d 342 (6th Cir. 2001)....................11

*Kolebuck-Utz v. Whitepages Inc.*,
No. C21-0053, 2021 WL 1575219 (W.D. Wash. Apr. 22, 2021)....................4, 7, 8, 10, 11

*Lemmon v. Snap, Inc.*,
995 F.3d 1085 (9th Cir. 2021)....................4

*Lukis v. Whitepages Inc.*,
454 F. Supp. 3d 746 (N.D. Ill. 2020).................... 3-4

*Lukis v. Whitepages Inc.*,
No. 19 C 4871, 2020 WL 6287369 (N.D. Ill. Oct. 27, 2020)....................9, 10, 11

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

*Maloney v. T3Media, Inc.*,
853 F.3d 1004 (9th Cir. 2017) .....5

*Marshall's Locksmith Serv. Inc. v. Google, LLC*,
925 F.3d 1263 (D.C. Cir. 2019) .....5

*Penwell v. Providence Health & Servs.*,
No. 19-cv-01786, 2020 WL 3035566 (W.D. Wash. June 5, 2020) .....8

*Pike v. Bruce Church, Inc.*,
397 U.S. 137 (1970) .....12

*Roe v. Amazon.com*,
170 F. Supp. 3d 1028 (S.D. Ohio 2016) .....7

*Roe v. Amazon.com*,
714 F. App'x 565 (6th Cir. 2017) .....7

*Sam Francis Found. v. Christie's, Inc.*,
784 F.3d 1320 (9th Cir. 2015) .....6

*Sarver v. Chartier*,
813 F.3d 891 (9th Cir. 2016) .....10

*United States v. Zadeh*,
820 F.3d 746 (5th Cir. 2016) .....10

*Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*,
425 U.S. 748 (1976) .....10

*Vinci v. Am. Can Co.*,
459 N.E.2d 507 (Ohio 1984) .....7

*Zacchini v. Scripps-Howard Broadcasting Co.*,
433 U.S. 562 (1977) .....11

**Statutes**

765 ILCS 1075/35(b)(1) .....9

Ohio Rev. Code § 2741.09(A)(1)(d) .....9

Ohio Rev. Code § 2741.09(A)(6) .....10

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

## INTRODUCTION

In its Motion to Dismiss ("Motion"), PeopleConnect showed that because Plaintiff, through her counsel, agreed to the PeopleConnect Terms of Service ("TOS"), she must arbitrate her claim. PeopleConnect also showed that, even if no arbitration agreement existed, Plaintiff cannot pursue a claim that would have the unacceptable result of banning the online display of yearbooks that were broadly disseminated years ago and that remain available today in libraries.

It thus is of no surprise that since PeopleConnect filed the Motion, a virtually identical claim against another online yearbook library was dismissed with prejudice, *inter alia*¸ confirming the broad application of CDA Section 230 immunity, *see Callahan v. Ancestry.com Inc.* ("*Ancestry II*"), No. 20-cv-08437, 2021 WL 2433893 (N.D. Cal. June 15, 2021).[1] Moreover, as discussed in the Motion, there are a number of other bases for dismissal: the Copyright Act preempts Plaintiff's claim, Plaintiff has failed to state a claim under the Ohio Right of Publicity Statute ("ORPS"), and both the First Amendment and the Commerce Clause of the U.S. Constitution protect PeopleConnect's speech. Plaintiff's response does not address these fundamental legal principles and relies largely on inapposite precedent. The proper result here thus is clear. If Plaintiff is not compelled to arbitration, her Complaint should be dismissed.

## ARGUMENT

### I. Plaintiff Agreed To Arbitrate Her Claim.

Plaintiff says she is not bound to the TOS because her counsel was "investigat[ing]" her claim. Resp. 22.[2] Her counsel, however, was not "investigat[ing]" her claim. He was *creating* it. His search is the *sole* basis of her claim, as PeopleConnect displayed information regarding Plaintiff *only* because he searched for her. Mot. 10–11. In any event, the TOS are not at odds with Rule 11, as the TOS allow all persons to opt-out of arbitration, Mot., Ex. 1, § 13(D), which neither Plaintiff's counsel nor Plaintiff did.

---

[1] Prior to the filing of the Motion, the court had dismissed the original *Ancestry* complaint without with leave to replead. *Callahan v. Ancestry.com Inc.* ("*Ancestry I*"), No. 20-cv-08437, 2021 WL 783524, at *8 (N.D. Cal. Mar. 1, 2021). Since then, the court in *Ancestry II* dismissed the amended complaint with prejudice. 2021 WL 2433893, at *7.

[2] Plaintiff contends that whether the TOS "delegate decisions on whether specific claims are arbitrable" is "irrelevant" because she did not agree to them. Resp. 24. PeopleConnect agrees that this Court must decide whether a contract was formed. But the point is that if there was a contract, any other disputes over arbitrability are for an arbitrator. Mot. 5.

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

Plaintiff's reliance on *Callahan v. PeopleConnect, Inc.*, No. 20-cv-09203, 2021 WL 1979161 (N.D. Cal. May 18, 2021) is misplaced, as *Callahan* ignores *Independent Living Resource Center San Francisco v. Uber Technologies, Inc.*, No. 18-cv-06503, 2019 WL 3430656 (N.D. Cal. July 30, 2019), which is better reasoned and aligns with the weight of California authority. *See Hui Ma v. Golden State Renaissance Ventures, LLC*, No. 21-cv-00856, 2021 WL 2190912, at *5 (N.D. Cal. May 31, 2021) (attorney bound clients to arbitrate without authorization to agree); *Kanbar v. O'Melveny & Myers*, 849 F. Supp. 2d 902, 912–13 (N.D. Cal. 2011) (decision by *Callahan* judge compelling arbitration after attorney agreed on her behalf). Plaintiff seeks to distinguish *Uber* by arguing that *Uber* turned on whether the claim was about the use of the app. Resp. 23. But that is wrong; the dispositive consideration in *Uber* was that the plaintiff's counsel was *acting as plaintiff's agent* while testing the app. 2019 WL 3430656, at *4. Here, as in *Uber*, counsel acted as Plaintiff's agent while using Classmates.com to create Plaintiff's cause of action.

In any event, *Callahan*'s view of California law is at odds with Washington and Ohio law, under which a plaintiff's implied ratification of her counsel's assent is enough. [3] *Barnes v. Treece*, 15 Wash. App. 437, 443 (Wash. Ct. App. 1976) (implied ratification if party: (1) receives, accepts, and retains benefits from contract; (2) remains silent, acquiesces, and fails to repudiate or disaffirm contract; or (3) otherwise exhibits conduct demonstrating an adoption and recognition of contract as binding); *Campbell v. Hosp. Motor Inns, Inc.*, 24 Ohio St. 3d 54, 57 (1986) (implied ratification if party with actual knowledge of facts: (1) accepts and retains benefits of contract, (2) acquiesces in it, or (3) fails to repudiate contract within a reasonable period of time). [4]

Plaintiff also argues her counsel could not have bound her because the TOS bars creation of an account "on behalf of another person." Resp. 23. First, the suggestion that the TOS are not binding because counsel violated them is nonsense. Second, Plaintiff's counsel did not create the account pretending to be his client, which is what the TOS prohibit. Counsel created an account so his client would not have to create one herself. Whether Plaintiff asked her counsel—her

---

[3] To the extent this is in doubt, PeopleConnect would be entitled to discovery regarding whether Plaintiff expressly consented to or ratified (either expressly or impliedly) her counsel's searching of her name on the Classmates website.

[4] Plaintiff argues PeopleConnect fails to cite to "any case interpreting Ohio state law," Resp. 22 n.6, but ignores that the Motion states that Washington law applies because there is no conflict in state law on this issue. Mot. 2 n.1.

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

agent—to do so is irrelevant because an agent is authorized to "perform the usual and necessary acts associated with the authorized services." *Hoglund v. Meeks*, 170 P.3d 37, 44 (Wash. Ct. App. 2007); *see Kaplan Trucking Co. v. Grizzly Falls Inc.*, 86 N.E.3d 845, 853 (Ohio Ct. App. 2017) (same). Plaintiff has all but conceded her counsel's use of Classmates.com was "necessary" given her position that Rule 11 required counsel to use the website before filing a lawsuit.

In addition, Plaintiff contends that, as a non-signatory, she could not be bound to the TOS because PeopleConnect did not establish the elements of estoppel. Resp. 23. This argument attacks a strawman. Under Ohio law, estoppel is one of *five* grounds for compelling nonsignatories to arbitrate—another of which is at issue here, agency. *See* Resp. 23 (citing *Cleveland-Akron-Canton Advert. Coop. v. Physician's Weight Loss Ctrs. of Am., Inc.*, 922 N.E.2d 1012, 1016 (Ohio Ct. App. 2009)). Plaintiff does not address this exception. Moreover, the estoppel exception applies because Plaintiff "derived a direct benefit from the contract containing the arbitration" provision because her attorney's use of Classmates.com was used in her Complaint. *Id.*

## II. Two Federal Statutes Require Dismissal.

### A. The Communications Decency Act Bars Plaintiff's Claim.

The Motion shows that: (1) PeopleConnect is an interactive computer service provider; (2) Plaintiff's claim treats PeopleConnect as a "publisher or speaker"; and (3) the Complaint faults PeopleConnect for publishing information from "another information content provider." Mot. 7. In her response, Plaintiff contests just the third element of PeopleConnect's argument. The Court should reject Plaintiff's position, however, just as it was rejected by the *Ancestry* court. *Ancestry I*, 2021 WL 783524, at *5–6; *Ancestry II*, 2021 WL 2433893, at *5–7.

The Complaint alleges PeopleConnect "extract[s]" and "aggregates" information created by third-parties—"personal information from school yearbooks." Compl. ¶ 2. Based on nearly identical allegations, the *Ancestry* court held that Section 230 applied because Ancestry "did not create the underlying yearbook records and instead obtained them from third parties." *Ancestry I*, 2021 WL 783524, at *5. Plaintiff responds with reference to *Lukis v. Whitepages Inc.*, but the case is not helpful. *Lukis* addressed a right of publicity claim against a different type of website—one that presents background reports, not yearbooks—and held that the snippets of the specific

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

background reports at issue in that matter were not third-party content but, significantly, were the defendant's own creation. 454 F. Supp. 3d 746, 763 (N.D. Ill. 2020). The distinction is critical. Indeed, *Lukis* relied on *Huon v. Denton*, where the key allegation was that "at least some of the allegedly defamatory comments were *authored by* Gawker employees." 841 F.3d 733, 743 (7th Cir. 2016) (emphasis added). There is no similar allegation here.

Plaintiff also cites the rejection of Section 230 immunity in *Kolebuck-Utz v. Whitepages Inc.*, based on the allegation there that Whitepages "generate[s] content." No. C21-0053, 2021 WL 1575219, at *3 (W.D. Wash. Apr. 22, 2021). But this too is unhelpful. The Ninth Circuit in *Kimzey v. Yelp!*, rejected that such a conclusory allegation suffices, emphasizing that "disseminating the same content in essentially the same format … does not change the origin of the third-party content." 836 F.3d 1263, 1270 (9th Cir. 2016); *see Henderson v. Source for Pub. Data*, No. 20-cv-294, 2021 WL 2003550, at *6 (E.D. Va. May 19, 2021), *appeal docketed*, No. 21-1678 (4th Cir. June 15, 2021) (defendants immune for presenting content "from vendors, state agencies, and courthouses" despite allegation they "manipulate and sort the content in a background [] report").

Furthermore, recent Ninth Court authority confirms that PeopleConnect is not the creator of the underlying content. Since PeopleConnect filed the Motion, the Ninth Circuit decided *Gonzalez v. Google Inc.*, in which it held that websites which operate by allowing a "user's voluntary actions" in choosing search terms to enable the website to then send desired "third-party content to [the] user[]" have full CDA immunity. No. 18-16700, 2021 WL 2546675 (9th Cir. June 22, 2021). This is how Plaintiff alleges Classmates.com operates—a user searches for a name and the right of publicity claim is based on the website's presentation of content originally created by a third party. *Lemmon v. Snap, Inc.*, which Plaintiff cites in opposing the Motion, is not the contrary. 995 F.3d 1085 (9th Cir. 2021). *Lemmon* involved claims based on Snapchat's creation of a "Speed Filter" that was "fully independent" of any third party user's creation of content. *Id.* at 1093. Unlike *Lemmon*, Plaintiff *does* seek to hold PeopleConnect liable for content created by third parties and simply compiled by PeopleConnect. Compl. ¶ 2.

Plaintiff maintains the "advertisements shown in the complaint were specifically created by Defendant rather than by a third party." Resp. 17–18. But Plaintiff alleges that it is the

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

presentation of her photo and information—content created by others—that harmed her, not the text of any so-called "advertisements." Compl. ¶¶ 10, 13, 20, 23, 35–37. Plaintiff's cited cases are thus inapposite, as PeopleConnect did not create the content giving rise to Plaintiff's claim. Indeed, courts routinely apply the CDA in similar circumstances. *E.g.*, *Gonzalez*, 2021 WL 2546675, at *15–16; *Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1269–70 (D.C. Cir. 2019). Finally, Plaintiff takes the position that Section 230 does not apply because PeopleConnect did not believe "the third parties that created the information intended for it to be posted online." Resp. 17–18. But, regardless of whether that is accurate, it makes no difference. As in *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008), there is no doubt the photos came from a published source—yearbooks. Compl. ¶ 8.

**B. The Copyright Act Preempts Plaintiff's Claim.**

The law is clear that, "[w]hen a copyrightable work is disseminated to the public and an individual allegedly suffers harm as a result, federal copyright law is the exclusive means of redress." Mot. 8. Plaintiff responds that the Copyright Act does not preempt her claim because PeopleConnect allegedly used her image to advertise a product. Resp. 19. But PeopleConnect's use of yearbook excerpts are not ads and, even if they were, they are ads for access to Plaintiff's yearbook pictures—not an unrelated product. *See* Mot. 15. That distinguishes *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001), for as the Ninth Circuit explained:

> It was 'not the publication of the photograph itself, as a creative work of authorship,' that formed the basis of the publicity-right claim [in *Downing*]. Instead, it was the unauthorized 'use of the plaintiffs' likenesses' to advertise Abercrombie products, and the creation of 't-shirts, exactly like those worn by the plaintiffs in the photograph, for sale' in Abercrombie's catalog.

*Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1013–14 (9th Cir. 2017) (citations omitted). This makes sense. When a defendant uses a photo of a plaintiff to promote a product with no relationship to that plaintiff, the essence of the claim is that the defendant is profiting from the likeness. But, when a defendant uses a plaintiff's photo to promote the sale of that precise same photo, the complaint is that the defendant is profiting from the photo. *See id.* Here, Plaintiff does not question that the yearbook excerpts used in what she erroneously calls advertisements come from the same yearbooks featuring Plaintiff that the excerpts purportedly promote.

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

## III. The Complaint Fails To State A Claim Under ORPS.

### A. Plaintiff Fails To Plead Conduct Within The Territorial Scope Of ORPS.

Plaintiff insists her claim falls within "the territorial restrictions of ORPS" because "ORPS is applicable to Ohio domiciliaries." Resp. 4. But there is no question Ohio domiciliaries may assert ORPS claims. That does not mean ORPS applies to *conduct* occurring outside Ohio. That is an entirely different question. If ORPS applies to conduct occurring outside Ohio, it would mean an Ohio resident would have a claim under ORPS if a billboard using her likeness was erected in Texas and viewed only by Texans. That would violate the Commerce Clause, *e.g.*, *Sam Francis Found. v. Christie's, Inc.*, 784 F.3d 1320, 1323 (9th Cir. 2015) ("[T]he Commerce Clause precludes the application of a state statute to commerce that takes place wholly outside of the State's borders"), and nothing suggests that ORPS reaches that far. ORPS cannot be read to apply here, where the only identifiable use of Plaintiff's likeness was in a display to her attorney in Florida. Resp., Reilly Decl. p. 2 (executed in Miami, Florida). Plaintiff argues she carried her burden because she "plead that Defendant used Plaintiff's identity to advertise its products everywhere, including Ohio." Resp. 4. Not so. The fact a search *could be run* for Plaintiff by a user in Ohio does not mean Plaintiff has plausibly alleged such a search *was run*.

### B. The Complaint Fails To Plead A *Prima Facie* ORPS Claim.

#### 1. Plaintiff Fails To Plead "Use" Of Her Persona.

The Motion explains that Plaintiff failed to state an ORPS claim because she failed to plead a "use" of her identity—*i.e.*, that her identity was publicized. Mot. 10–11. Plaintiff responds by mischaracterizing PeopleConnect's argument to be that a plaintiff must "state the identity of a person who viewed the advertisement." Resp. 4. PeopleConnect's point is narrower—Plaintiff must plausibly plead that *someone* other than Plaintiff or her agents searched for her name and viewed the result. Mot. 11. Plaintiff does not deny that she cannot clear that bar. Instead, she criticizes PeopleConnect for citing common law misappropriation cases, rather than ORPS cases (Resp. 4–5), even though she relied on and courts often rely on common law misappropriation cases when interpreting ORPS, *e.g.*, Resp. 6 (citing *Vinci v. Am. Can Co.*, 459 N.E.2d 507, 509–11 (Ohio 1984)); *Harvey v. Sys. Effect, LLC*, 154 N.E.3d 293, 307–09 (Ohio Ct. App. 2020); *ETW*

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

*Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 929 (6th Cir. 2003). Plaintiff also likens her claim to an advertisement that "aired at 4:00 in the morning," implying that *someone* must have seen it. Resp. 5. Unlike Plaintiff's example, Classsmates.com search results are not broadcast out day and night. Classmates.com search results simply *do not exist* unless and until a user enters information into a search engine which then causes a result to be displayed. Compl. ¶¶ 4–5. Having not alleged that someone other than herself or her agent performed such a search, Plaintiff has not alleged that her persona was published. So the so-called advertisement she identifies is akin to a never-created or unaired commercial.

**2. Plaintiff Does Not Allege Her Persona Has Commercial Value.**

ORPS contains a limit not present in all right-of-publicity statutes: a claim is actionable only if a plaintiff shows her persona has "commercial value." Mot. 11–12. Plaintiff does not dispute this, but cites the district court's decision in *Roe v. Amazon.com*, 170 F. Supp. 3d 1028 (S.D. Ohio 2016) to argue that a conclusory allegation of commercial value is enough. Resp. 5. Plaintiff's citation is disingenuous at best because the Sixth Circuit *reversed* the district court on this point, holding that the *Roe* plaintiffs failed to allege their identities had commercial value, as PeopleConnect had properly cited. 714 F. App'x 565, 568–69 (6th Cir. 2017); *see* Mot. 12–13 (relying on Sixth Circuit decision). Plaintiff then cites *Kolebuck-Utz*, but the court too relied on the *Roe* district court decision while ignoring the Sixth Circuit. 2021 WL 1575219, at *2. Also, *Kolebuck-Utz* held the plaintiff had adequately pleaded her identity had commercial value by alleging defendant "used her name to entice users to purchase [d]efendant's product" *Id*. But that conflates separate ORPS elements: that an identity: (1) have commercial value; *and* (2) be used for commercial purposes.

Plaintiff also cites *Vinci*, 459 N.E.2d at 509–10, to argue that disputes over commercial value are "only relevant to damages." Resp. 6. But *Vinci* did not address whether a plaintiff whose identity has no commercial value has a viable claim. It held only that where every plaintiff's identity has commercial value—all the plaintiffs there were Olympic athletes—variations in each plaintiff's "degree of notoriety" could be *relevant* to damages. 459 N.E.2d at 510. The more relevant Ohio authority thus is *Harvey v. Systems Effect, LLC*, 154 N.E.3d 293 (Ohio Ct. App.

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

2020). Plaintiff discounts *Harvey* because it "did not involve advertising or marketing materials of any kind." Resp. 6. That does not change that *Harvey* rejected an ORPS claim involving the unauthorized use of a likeness in training materials sold as part of a continuing education program because the plaintiff had not shown her name had "any commercial value." 154 N.E.3d at 306.

**C. The Complaint Does Not Plead Unlawful Advertising Or Solicitation.**

As shown, Plaintiff failed to plead a "commercial purpose" for two reasons: (1) the search results underlying her claim serve an informational purpose and any use of her persona thus is only "incidental"; and (2) the alleged use of Plaintiff's information in a free preview of a background report is not a "commercial purpose" because her information is part of the product PeopleConnect sells. Mot. 12–15. With respect to the first point, Plaintiff fails to dispute that:

1. Ohio courts have held that content presented for an informational purpose cannot be the basis of an Ohio right of publicity claim;
2. The "advertisements" allow users to determine if PeopleConnect has a yearbook featuring the person being searched;
3. Ohio courts have held that if use of persona does not imply that the plaintiff "endorsed" a product, that use is only "incidental" and not actionable; and
4. The supposed "advertisements" do not imply endorsement of PeopleConnect's products.

To the extent Plaintiff responds, she asserts that *Kolebuck-Utz* "rejected" this argument. Resp. 6. But *Kolebuck-Utz* does not address "commercial purpose" under ORPS. 2021 WL 1575219, at *2.

In response to the second point, Plaintiff argues that PeopleConnect "used her identity to promote its separate products," including its "subscription service." Resp. 7. This is wrong. The Complaint shows Plaintiff's identity was not used to advertise a "subscription service." Mot. 12–14. Plaintiff seeks to cure this shortcoming by attaching a declaration with new screenshots of Classmates.com. Reilly Decl., Exs. A–C.[5] But *none* of the new images show Plaintiff's name or photo being used to advertise a subscription. In all events, even if Plaintiff's likeness were used to advertise a subscription, that is not a "commercial purpose" under ORPS because her likeness is

---

[5] The Court should disregard these new submissions, as Plaintiff cannot amend her allegations in response to a motion to dismiss. *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008), *aff'd*, 631 F.3d 1299 (9th Cir. 2011) ("Plaintiff's statements in his opposition brief cannot amend the Complaint under Rule 15."); *Penwell v. Providence Health & Servs.*, No. 19-cv-01786, 2020 WL 3035566, at *3 (W.D. Wash. June 5, 2020) (same).

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

part of the subscription. Mot. 14–15 (collecting cases). While Plaintiff attempts to distinguish *Dobrowolski* by noting that Plaintiff alleges that PeopleConnect offers a "separate" subscription service, Resp. 8, that same argument was made in *Dobrowolski*. *See* First Am. Compl. ¶¶ 17–18, *Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406 (N.D. Ill. Sept. 14, 2017), ECF. No. 44. Plaintiff thus cannot state a claim because her identity is "part of the product offered for sale." *Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406, 2018 WL 11185289, at *3 (N.D. Ill. May 21, 2018).

**D. Plaintiff's Claim Falls Within ORPS's Exemptions.**

As demonstrated (Mot. 15–16), Plaintiff's claim falls within the exemption for '"[a] literary work, dramatic work, fictional work, historical work, audiovisual work, or musical work regardless of the media in which the work appears or is transmitted' or '[a]n advertisement or commercial announcement' for such a work." (citation omitted). Plaintiff responds by citing *Lukis*, Resp. 9, but *Lukis* dealt with a different exemption under the Illinois right of publicity statute that applies to "*a single and original* work of fine art, play, book, article, musical work, film, radio, television, or other audio, visual, or audio-visual work," 765 ILCS 1075/35(b)(1) (emphasis added), and held that the exemption did not apply because background reports are not "single and original." *Lukis v. Whitepages Inc.*, No. 19 C 4871, 2020 WL 6287369, at *5 (N.D. Ill. Oct. 27, 2020). That reading is shaky in Illinois,[6] and there is no such clause in ORPS.

Plaintiff's claim also falls within exemptions for "news [and] public affairs," material with "newsworthy value," topics of "general or public interest," and/or "advertisement[s]" for material with "political or newsworthy value." Mot. 16. Plaintiff ignores the relevant case law, instead asserting that these exemptions do not apply because the "challenged conduct" are "advertisements." Resp. 10. But that is irrelevant, as ORPS exempts "advertisement[s]" that have "political or newsworthy value." Ohio Rev. Code § 2741.09(A)(1)(d). Plaintiff then cites *Kolebuck-Utz* and *Lukis*, even though *Kolebuck-Utz* did not address these exemptions, 2021 WL

[6] The Illinois statute exempts "a single and original work of fine art, play, book, article, musical work, film, radio, television, or other audio, visual, or audio-visual work." 765 ILCS 1075/35(b)(1). While *Lukis* held the "single and original" modifier of "work of fine art" also applies to a "book," "article," or "other [] visual … work," 2020 WL 6287369, at *4–5, other courts have held that grammar and legislative intent make clear "single and original" modifies only "work of fine art," *e.g. Collier v. Murphy*, No. 02 C 2121, 2003 WL 1606637, at *3 (N.D. Ill. Mar. 26, 2003).

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

1575219, at *2–3, and *Lukis* involved a narrower Illinois exemption that does not encompass topics of "general or public interest" or material with "newsworthy value." 2020 WL 6287369, at *6–7.

Finally, Plaintiff does not deny the alleged use of her persona "does not convey or reasonably suggest [her] endorsement." Ohio Rev. Code § 2741.09(A)(6). Because the alleged speech is within the scope of the First Amendment, *see infra* Section IV, it is exempt. Mot. 17–18.

## IV. Plaintiff's Claim Is Barred By The U.S. Constitution.

### A. The Conduct Alleged Is Core First Amendment Speech.

#### 1. Plaintiff's Proposed Restriction On Speech Triggers Strict Scrutiny.

Although it is clear that PeopleConnect's search results constitute protected speech under the First Amendment, *see* Mot. 18–21, Plaintiff argues that the search results are protected only to the more limited extent as commercial speech because PeopleConnect uses them to "solicit[] the purchase of its products." Resp. 10.[7] This argument is belied by Plaintiff's own allegations, which make clear that the search results serve the purpose of informing users if PeopleConnect has a yearbook available for a searched person. Compl. ¶¶ 3–7. The search results thus do "more than propose a commercial transaction" and as a result are not commercial speech. *See Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 762 (1976) (citation omitted).

Plaintiff tries to distinguish *Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952 (9th Cir. 2012), claiming that, unlike in *Dex*, PeopleConnect "does not post third-party advertisements alongside Plaintiff's identifying information; it advertises its own, for-pay services." Resp. 12. That is a distinction without a difference. The critical fact in *Dex* was that the alleged ad also had an informational purpose, just as the search results do here, and thus did "more than propose a commercial transaction." 696 F.3d at 957 (citation omitted). Plaintiff also seeks to distinguish *Sarver v. Chartier*, 813 F.3d 891 (9th Cir. 2016), by arguing that unlike in *Sarver*, PeopleConnect's "advertisements are not an example of transforming Plaintiff's experiences into art." Resp. 13. First Amendment protections for non-commercial speech extend beyond artistic transformations

---

[7] Plaintiff's suggestion that PeopleConnect has not complied with Federal Rule of Civil Procedure 5.1(a) (Resp. 10 n.2) is wrong. PeopleConnect is not arguing that ORPS is facially invalid, but that *applying* ORPS to PeopleConnect's alleged conduct violates the Constitution. *United States v. Zadeh*, 820 F.3d 746, 752–55 (5th Cir. 2016) (notice unnecessary for as-applied challenges).

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

and encompass dissemination of information. *E.g.*, *Dex*, 696 F.3d at 957; *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1122 (9th Cir. 2020).

Yet, even if Plaintiff were correct that PeopleConnect's search results were "advertisements," they still would be entitled to full constitutional protection because when an advertisement promotes an activity that is constitutionally protected, the advertisement receives the same level of protection. Mot. 19–20 (collecting cases). Plaintiff does not dispute this settled law in her response, though she does assert that arguments on this issue were rejected in *Lukis* and in *Kolebuck-Utz*. Resp. 11. But that just misrepresents both *Lukis*, which held that Whitepages "forfeited" its First Amendment argument by "fail[ing] to develop its position," 2020 WL 6287369, at *9, and *Kolebuck-Utz*, which does not address most of the arguments PeopleConnect makes here, *e.g.*, Mot. 21–22. So, in short, strict scrutiny applies, and because Plaintiff does not dispute that her proposed application of ORPS does not satisfy strict scrutiny, Resp. 10–13, her claim must be dismissed. *See Kincaid v. Gibson*, 236 F.3d 342, 351–52 (6th Cir. 2001).

**2. The Claim Would Be Barred Even If The Speech Was Commercial.**

Even if the search results were commercial speech, there is no merit to Plaintiff's claim that they receive no protection because PeopleConnect "impaired" the "informational function of advertising" by "wrongfully appropriat[ing] another's image." Resp. 13. It certainly finds no support in Plaintiff's cited cases—*Zacchini v. Scripps-Howard Broadcasting Co.*, balances the state interests behind right of publicity laws against free speech interests, 433 U.S. 562, 573–79 (1977), *Bosley v. Wildwett.com* too applies a balancing test, 310 F. Supp. 2d 914, 926–29 (N.D. Ohio 2004), and *Kolebuck-Utz* acknowledges "intermediate scrutiny" applies to commercial speech, 2021 WL 1575219, at *3. And under *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980), and related Ninth Circuit precedent, this narrow exception to the protection ordinarily afforded to commercial speech applies only if a communication is "misleading [or] related to unlawful activity." *Id*. at 564; *see Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1176 (9th Cir. 2018). There is no such allegation here.

Plaintiff's claim cannot survive intermediate scrutiny. Mot. 21–22. Plaintiff relies on *Bosley*, which found a state had an interest in "encourag[ing]" people "to invest in developing their

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

skills and talents" and "prevent[ing] others from depleting the economic value of one's persona without internalizing the costs." 310 F. Supp. 2d at 929. Neither concern is implicated here. There is no reasonable fit between ORPS's "primary focus"—allowing persons to protect the commercial value of their name, *Harvey*, 154 N.E.3d at 308—and barring PeopleConnect's publication of search results that identify persons included in its yearbooks.

**B. Applying ORPS To Search Results Violates The Dormant Commerce Clause.**

Plaintiff seems to concede that under the Dormant Commerce Clause, the reach of ORPS must be limited to "only advertisements that appear in Ohio." Resp. 15. Plaintiff also seems not to dispute that ORPS must be able to withstand scrutiny under the test set forth under *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970). Mot. 22–23 (quoting *Am. Booksellers Found. v. Dean*, 342 F.3d 96, 103 (2d Cir. 2003)). Despite these concessions, Plaintiff argues her proposed application of ORPS does not violate the Dormant Commerce Clause because compelling PeopleConnect to remove Ohio domiciliaries from its search results would not be burdensome. Resp. 16. This is a non-sequitur. It ignores that a so-called "advertisement" containing the likeness of an Ohio resident could lawfully be displayed in another state. So to comply with Plaintiff's proposed application, PeopleConnect would have to block search results from being displayed when users are physically located in Ohio. There is no basis to conclude that doing so is feasible, let alone reasonable to require, given the inherently interstate nature of this economic activity.

**CONCLUSION**

For the foregoing reasons and those set out in the Motion, Plaintiff should be compelled to adjudicate her claim in arbitration or, in the alternative, the Complaint should be dismissed.

Dated this 1st day of July, 2021.

JENNER & BLOCK LLP

/s/ Brent Caslin

Brent Caslin, Washington State Bar No. 36145
bcaslin@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, California 90071-2054
Telephone: 213 239-5100

Attorney for Defendant PeopleConnect, Inc.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS – 12
2:21-cv-00262-MJP

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100

**CERTIFICATE OF SERVICE**

I hereby certify that on the date given below, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF which sent notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

DATED this 1st day of July, 2021.

/s/ *Brent Caslin*
Brent Caslin

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
2:21-cv-00262-MJP

JENNER & BLOCK LLP
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-5100