The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BARBARA KNAPKE, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>Defendant. | NO. 2:21-cv-00262-MJP<br><br>DEFENDANT PEOPLECONNECT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br>NOTED ON MOTION CALENDAR:<br>Friday, September 17, 2021 |

DEFENDANT PEOPLECONNECT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION
No. 2:21-cv-00262-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

PeopleConnect showed in its Motion that a stay pending appeal of the Court's denial of the motion to compel arbitration is appropriate under established law in this District. Plaintiff does not address, let alone distinguish, that caselaw. Because Plaintiff is thus able to respond only with out-of-district cases that conflict with the relevant precedent, the Motion should be granted.

## I. PEOPLECONNECT IS LIKELY TO SUCCEED ON THE MERITS OF ITS APPEAL

As explained in PeopleConnect's Motion to support a stay, a moving party may either "(1) show[] a probability of success on the merits and the possibility of irreparable injury; or (2) demonstrate[e] that serious legal questions are raised and that the balance of hardships tips sharply in its favor." Mot. 2 (citing *Lowden v. T-Mobile USA, Inc.,* No. C05-1482P, 2006 WL 1896678, at *1 (W.D. Wash. July 10, 2006)). PeopleConnect has shown both.

### A. PeopleConnect Can Make A "Strong Showing" On The Merits.

PeopleConnect can make a strong showing on the merits because this Court did not address whether Plaintiff's attorney-agent had *implied* actual authority to enter into the arbitration agreement on her behalf. Dkt. No. 28 ("Mot.") at 3.[1] Plaintiff admits the premise to this argument—that under Ohio law, a principal can "impliedly confer[]" actual authority on her agent to enter into an arbitration agreement. Dkt. No. 34 ("Resp.") at 2. And she does not deny that in Ohio, "[u]nless its extent is *expressly limited* by the principal, implied [actual] authority is that authority which is incidental and necessary for the agent to carry into effect the powers expressly conferred upon him." *Kaplan Trucking Co. v. Grizzly Falls Inc.*, 86 N.E.3d 845, 853 (Oh. Ct. App. 2017) (citation omitted). But Plaintiff then focuses on the wrong fact—whether she told her attorney he *could* enter into an arbitration agreement on her behalf. Resp. 3. Unless Plaintiff told her attorney he *could not* agree to arbitrate, which she has not alleged, Plaintiff impliedly conferred authority on her attorney to take all actions "incidental and necessary to" filing the Complaint.

---

[1] Plaintiff does not address why Ohio law applies to this dispute, nor does she identify a conflict between Ohio and Washington law. *See* Mot. at 3 n.3 (arguing that Washington law applies because there is no conflict).

DEFENDANT PEOPLECONNECT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION - 1
No. 2:21-cv-00262-MJP

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

*Kaplan Trucking Co.*, 86 N.E. 3d at 853. That authority includes accessing Classmates.com and agreeing to the TOS.

Regarding Plaintiff's implied ratification, which this Court also did not address, Plaintiff argues she did not have the requisite actual knowledge to ratify her attorney-agent's actions because her attorney-agent "had no discussion with Plaintiff about creating an account on Defendant's website."[2] Resp. 4. This misses the point. Plaintiff need not have actual knowledge *before* her attorney-agent agreed to the arbitration agreement because ratification, by definition, occurs after-the-fact. *See Campbell v. Hosp. Motor Inns, Inc.*, 24 Ohio St. 3d 54, 59 (Ohio 1986). Plaintiff has been aware of the arbitration agreement since at least May 3, 2021, when PeopleConnect filed its Motion to Dismiss. Dkt. 13. Since then, Plaintiff has accepted and retained the benefit of the arbitration agreement by not withdrawing the Complaint.

B.     **PeopleConnect's Appeal Presents A Serious Legal Question.**

"[A] question is serious when it raises an issue of first impression within the Ninth Circuit *or* involves a split in legal authority." *Wilson v. Huuuge, Inc.*, No. 3:18-cv-05276-RBL, 2019 WL 998319, at *2, *5 (W.D. Wash. Mar. 1, 2019) (emphasis added) (internal citation omitted) (granting motion to stay). Both are true of this case. Mot. 5–6.

*First*, Plaintiff argues there is no issue of first impression because contract law is "well-defined." Resp. 5. While principles of contract law may be well-defined, the arbitration issue presented here is not. Plaintiff has not identified any case addressing whether and when, under Ohio or Washington law, an attorney can have implied actual authority to enter into an arbitration agreement on behalf of his client. Plaintiff all but acknowledges that "well-defined" contract law does not resolve this, as she heavily argues that Rule 11 shapes this analysis. Resp. 3.[3] So contract

---

[2] Plaintiff's contention that PeopleConnect waived this argument because it was not in the Motion to Dismiss is without merit. Plaintiff raised lack of ratification in her Response so PeopleConnect was permitted to address in its Reply. Dkt. 19 at 2. Plaintiff relies on *Lukis v. Whitepages Inc.* Resp. 3. But *Lukis* involves a party's waiver of the right to arbitrate its claim, which is clearly not applicable here. *Lukis v. Whitepages Inc.*, 2021 WL 1600194, at *8.
[3] This is a red herring. Even if Rule 11 required Plaintiff's attorney-agent to investigate the website, he merely needed to opt-out of the arbitration agreement. Mot. 3.

DEFENDANT PEOPLECONNECT, INC.'S REPLY IN
SUPPORT OF MOTION TO STAY PROCEEDINGS
PENDING APPEAL OF COURT'S DECISION TO DENY
DEFENDANT'S MOTION TO COMPEL ARBITRATION - 2
No. 2:21-cv-00262-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

and agency law may be informative, but they do not "squarely address the specific issue" in this case, which is novel. *Wilson*, 2019 WL 998319, at *3. Moreover, the Court's decision raises a novel FAA preemption issue. If Ohio law prevents attorneys from agreeing to arbitration agreements on behalf of their clients without express authorization, even though implied authorization suffices for other types of contracts, then that aspect of Ohio law runs afoul of the Supreme Court's holding that state law contract "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue" are preempted. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). So if it is accurate that Ohio law creates a special exception to ordinary contract principles merely because the underlying agreement is one to arbitrate, federal law precludes the defense. The Ninth Circuit has not yet considered this question either.

*Second*, Plaintiff argues there can be no split in authority because *Callahan, Uber,* and *Hui Ma* all involve California law. Resp. 6. The problem with this argument is that Plaintiff has not identified law in *any* other state that addresses this issue.[4] So there is a split in authority in the *only cases* Plaintiff identified—*Uber* and *Hui Ma* allow for this; *Callahan* does not. Plaintiff then contends there is no split because *Uber* is distinguishable. Resp. 6. Initially, this ignores that *Hui Ma* also conflicts with *Callahan. Uber* is not distinguishable in any event. The court found the "the central inquiry is whether [plaintiffs' agent] was acting within the scope of the agency when she tested the Uber App." *Ind. Living Res. Ctr S.F. v. Uber Techs, Inc.*, 18-cv-06503-RS, 2019 WL 3430656, at *4 (N.D. Cal. July 30, 2019). The court explained "a plaintiff who dispatches an agent to deal with a defendant on his or her behalf is bound by an arbitration agreement entered into by the agent in the course of those dealings." *Id.* at *3. Plaintiff emphasizes she did not give her attorney-agent express authority to agree to the arbitration provision. Resp. 4. But as in *Uber,*

---

[4] Plaintiff alleges PeopleConnect "never cited or analyzed" *Hui Ma*, but this point appeared in its Reply. Dkt. 19 at 2.

DEFENDANT PEOPLECONNECT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION - 3
No. 2:21-cv-00262-MJP

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Plaintiff's attorney-agent agreed to the arbitration agreement "in the course of" approved conduct (drafting the Complaint). So the cases are not distinguishable. They conflict.

*Third,* Plaintiff relies on *Joseph v. Trueblue, Inc.*, No. C14-5963, 2015 WL 9487965, at *2 (W.D. Wash. Aug. 19, 2015), to argue there is no split in authority because "Washington law is well settled on the issue of enforceability of a non-signatories' rights to enforce arbitration agreements." Resp. 6. This case is inapposite as PeopleConnect, a signatory to the agreement, is seeking to enforce it. And, Washington law *is* clear that: "Arbitration agreements may encompass nonsignatories under contract and agency principles." *Romney v. Franciscan Med. Grp.*, 349 P.3d 32, 42 (Wash. Ct. App. 2015).[5] *Joseph* is further distinguishable because there, the court did not deny the motion to compel arbitration on agency principles, but because it found that the defendant could not use principles of equitable estoppel to enforce an arbitration agreement. 2015 WL 575289, at *2. Plaintiff's reliance on *Wallace v. AmSurg Holdings, Inc.*, 2015 WL 7568592, at *5 (D. Or. Nov. 24, 2015), also is unpersuasive, as it conflicts with Washington and Ohio law.

## II.  PEOPLECONNECT WILL SUFFER IRREPARABLE HARM ABSENT A STAY

PeopleConnect would suffer irreparable harm absent a stay because it would be forced to litigate a claim in federal court which may belong in arbitration and that litigation would include costly discovery broader in scope than the discovery permitted by the AAA. Mot. 6. Plaintiff cites *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1410 (9th Cir. 1990), to argue that PeopleConnect will not be harmed if this Court decides this case on its merits before the Ninth Circuit has a chance to decide the appeal. Resp. 7. But *Britton* does not address this issue; it holds that a party has Article III standing to bring an appeal based on an arbitration agreement even if the district court already resolved the dispute on its merits. *Id.* at 1410. Regardless of Article III standing, the problem here is that if this Court resolves this dispute on its merits, as Plaintiff implies is proper,

---

[5] Ohio is the same. *Javitch v. Prud. Sec., Inc*., No. 02 CV 7072, 2011 WL 251099, at *4, *8 (N.D. Ohio Jan. 25, 2011).

DEFENDANT PEOPLECONNECT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION - 4
No. 2:21-cv-00262-MJP

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

and the Ninth Circuit decides this case belonged in arbitration, PeopleConnect's right to arbitrate this dispute will be "rendered meaningless." *Wilson*, 2019 WL 998319, at *4.

Unable to distinguish the on-point, in-district authority PeopleConnect cited (Mot. 6–7), Plaintiff relies on out-of-district authority to argue litigation costs cannot constitute irreparable harm. Resp. 8. First, litigation costs are just one way PeopleConnect will be irreparably harmed if forced to litigate a class action in court when it should be an individual claim resolved in private arbitration. Mot. 6; *see Wilson,* 2019 WL 998319, at *4. Moreover, the rule in this District is clear—the cost of discovery in a case that may belong in arbitration can constitute irreparable harm. *Lowden*, 2006 WL 1896678, at *2; *B.F. v. Amazon.com Inc.*, No. C19-910-RAJ-MLP, 2020 WL 3548010, at *4 (W.D. Wash. May 15, 2020). Plaintiff does not address these cases.

Plaintiff also does not address PeopleConnect's argument about the difference in *scope* between discovery in federal court and in arbitration, effectively conceding discovery in federal court will be more costly and invasive than discovery in arbitration. Resp. 8. Instead, Plaintiff argues there is "near total overlap between the factual basis of Plaintiff's individual claims and the factual basis for the putative class." *Id.* But it is "undisputed that in a putative class action, as is the case here, the burdens of discovery 'are *substantially greater* than in an individual arbitration.'" *Waithaka. v. Amazon.com, Inc.*, No. C19-01320-RSM, 2020 WL 7028945, at *6 (W.D. Wash. Nov. 30, 2020) (emphasis added) (citation omitted). Moreover, Plaintiff cites no case where a court has found no irreparable harm because there is an overlap in discovery. Allowing discovery because of a supposed "near total overlap" in factual issues would create an exception that would apply to every class action that may belong in arbitration. *See B.F.*, 2020 WL 3548010, at *4 (finding class action discovery would irreparably harm defendant).

### A.  A Stay Will Not Harm Plaintiff.

Plaintiff insists she will suffer "ongoing" harm until this Court grants an injunction because a stay will allow PeopleConnect to "persist" in allegedly "illegal conduct" and that a stay will "increase the risk of lost evidence." Resp. 9. The argument is without merit. PeopleConnect

DEFENDANT PEOPLECONNECT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION - 5
No. 2:21-cv-00262-MJP

GORDON TILDEN THOMAS CORDELL  600 University Street Suite 2915 Seattle, WA  98101 206.467.6477

already has suppressed Plaintiff's image from Classmates.com, so there can be no "ongoing harm". Mot. 7. The only harm Plaintiff can point to is potential litigation delay. But courts here routinely find that a delay in proceedings alone does not outweigh irreparable harm to a defendant. *E.g., B.F.*, 2020 WL 3548010, at *5; *Aegean Marine Petroleum S.A. v. Canpotex Shipping Servs. Ltd.*, No. 2:15-CV-00172-RAJ, 2016 WL 898571, at *3 (W.D. Wash. Mar. 9, 2016). Further, there is no risk of lost evidence. PeopleConnect has a robust litigation hold in place. Mot. 7–8. And Plaintiff's generic assertion of potential lost evidence is insufficient. *See Rajagopalan v. Noteworld, LLC*, No. C11-5574, 2012 WL 2115482, at *4 (W.D. Wash. June 11, 2012). Plaintiff has not demonstrated any specific harm she will suffer if this Court grants a stay.

**B.      A Stay Is In The Public Interest.**

Plaintiff does not address, and thus concedes, that litigating a case which may belong in arbitration will force the Court to unnecessarily "expend its time and energy"—a public-interest factor favoring a stay. Mot. 8 (citing *Lowden*, 2006 WL 1896678, at *2). Plaintiff contends a stay still is contrary to the public interest because Ohio has a "substantial public interest in protecting its citizens from unauthorized use of their photographs." Resp. 9. PeopleConnect does not dispute Ohio has a public interest in enforcing its laws, but that public interest does not depend on the forum in which those state-law claims are adjudicated. *See* Mot. 8 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983)). Plaintiff's position—that the public interest requires that this Court resolve this dispute immediately, even if this case ultimately still could be arbitrated—is at odds with the "liberal federal policy favoring arbitration" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (quoting *Moses H. Cone Mem'l Hosp,* 460 U.S. at 24).

### III.  CONCLUSION

For the reasons set forth above and in the Motion to Stay, the Court should stay proceedings in this case pending resolution of the appeal of its decision denying PeopleConnect's motion to compel arbitration.

DEFENDANT PEOPLECONNECT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION - 6
No. 2:21-cv-00262-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Dated this 17th day of September, 2021.

JENNER & BLOCK LLP

*s/ Brent Caslin*
Brent Caslin, Washington State Bar No. 36145
bcaslin@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone: 213 239-5100

*s/ Michael Rosenberger*
Michael Rosenberger, WSBA #17730
Mark Wilner, WSBA #31550
Samantha K. Pitsch, WSBA #54190
Gordon Tilden Thomas & Cordell LLP
600 University Street, 2915
Seattle, Washington 98101
Telephone: 206-467-6477
mrosenberger@gordontilden.com
mwilner@gordontilden.com
spitsch@gordontilden.com

Attorneys for Defendant PeopleConnect, Inc.

DEFENDANT PEOPLECONNECT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION - 7
No. 2:21-cv-00262-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477